UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

**05 CV 1 1 4 5 0 MLW**

| | |
|---|---|
| In re | Chapter 11 |
| CGI LIQUIDATION, INC. *et al.* (f/k/a CARLSON GROUP, INC. *et al.*), | Case No.  03-12032-WCH<br>Case No.  03-12030-WCH through<br>Case No.  03-12034-WCH |
| Debtors. | Substantively Consolidated |
| CRAIG R. JALBERT, LIQUIDATING SUPERVISOR, AS REPRESENTATIVE OF THE ESTATES OF THE CONSOLIDATED DEBTORS, | Adversary Proceeding<br>No. 05-1098 |
| Plaintiff, | |
| v. | |
| AT&T WIRELESS SERVICES, | |
| Defendant. | |

### DEFENDANT'S MOTION TO WITHDRAW REFERENCE

Pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure and Rule 5011-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), defendant AT&T Wireless Services, Inc. ("Defendant") hereby moves to withdraw the reference of this adversary proceeding from the Bankruptcy Court to the United States District Court for the District of Massachusetts (the "District Court").

In further support of this motion, Defendant respectfully states as follows:

1.  On or about February 17, 2005, plaintiff Craig R. Jalbert, Liquidating Supervisor ("Plaintiff"), as Representative of the Estates of the Consolidated Debtors (the "Debtors"), filed a *Complaint* (the "Complaint"), in which Plaintiff asserted a claim against Defendant pursuant to 11 U.S.C. § 547(b).

2.  On or about April 5, 2005, Defendant filed an *Answer, Affirmative Defenses and Demand for Jury Trial* (the "Answer") and served the same upon Plaintiff.

3.  In the Answer, Defendant demanded a jury trial on all issues triable by jury and indicated that it did not consent to a jury trial before the Bankruptcy Court.

4.  The District Court may "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Cause for withdrawal of the reference exists when a jury trial has been requested. *See Lars, Inc. v. Taber Partners (In re Lars, Inc.)*, 290 B.R. 467 (D.P.R. 2003); *see also In re Cinematronics, Inc.*, 916 F.2d 1444 (9th Cir. 1990).

5.  Defendant submits that cause exists for withdrawing the reference of this adversary proceeding, as Defendant claimed a jury trial in response to the Complaint and expressly stated that it does not consent to a jury trial before the Bankruptcy Court. *See* 28 U.S.C. § 157(e) (providing that Bankruptcy Court may conduct jury trial only with express consent of all parties). In addition, cause exists because Defendant has not filed a *Proof of Claim* against the Debtors' estate.

6.  Pursuant to Rule 5011-1 of the Local Rules of the Bankruptcy Court, Defendant has submitted herewith a properly completed District Court cover sheet and the prescribed filing fee.

7.  Based upon the foregoing, Defendant respectfully requests that the reference of this adversary proceeding be withdrawn, and that Defendant be granted such other and further relief as is just and proper.

        AT&T WIRELESS SERVICES, INC.

        By its attorneys,

        /s/ Steven C. Reingold

        Bruce F. Smith (BBO No. 467900)
        Steven C. Reingold (BBO No. 638649)
        JAGER SMITH P.C.
        One Financial Center
        Boston, Massachusetts 02111
        telephone: (617) 951-0500
        facsimile: (617) 951-2414
        email: sreingold@jagersmith.com

        and

        Robert N. Gilbert (Florida Bar No. 310662)
        CARLTON FIELDS, P.A.
        222 Lakeview Avenue, Suite 1400
        West Palm Beach, Florida 33401
        telephone: (561) 659-7070
        facsimile: (561) 659-7368
        email: rgilbert@carltonfields.com

Dated: June 14, 2005

## CERTIFICATE OF SERVICE

I, Steven C. Reingold, hereby certify that on the 14th day of June, 2005, I caused a copy of the within *Defendant's Motion to Withdraw Reference* to be served upon Joseph M. Downes III, Esq., Choate, Hall & Stewart, LLP, Exchange Place, 53 State Street, Boston, Massachusetts 02109, counsel for plaintiff, via first class mail, postage prepaid.

/s/ Steven C. Reingold

Steven C. Reingold