UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>CGI LIQUIDATION, INC. *et al.*<br>(f/k/a CARLSON GROUP, INC. *et al.*),<br><br>Debtors.<br>_____<br><br>CRAIG R. JALBERT, LIQUIDATING<br>SUPERVISOR, AS REPRESENTATIVE<br>OF THE ESTATES OF THE<br>CONSOLIDATED DEBTORS,<br><br>Plaintiff,<br><br>v.<br><br>AT&T WIRELESS SERVICES,<br><br>Defendant. | Case No. 05-CV-11450-MLW<br><br>Chapter 11<br>Case No. 03-12032-WCH<br>Case No. 03-12030-WCH through<br>Case No. 03-12034-WCH<br><br>Substantively Consolidated<br><br><br><br>Adversary Proceeding<br>No. 05-1098 |

**JOINT MOTION TO REFER ACTION TO BANKRUPTCY COURT
FOR APPROVAL OF SETTLEMENT IN ACCORDANCE WITH
<u>ORDER ESTABLISHING SETTLEMENT PROCEDURES</u>**

Plaintiff Craig R. Jalbert, Liquidating Supervisor ("Plaintiff"), as Representative of the Estates of the Consolidated Debtors (the "Debtors"), and defendant AT&T Wireless Services n/k/a New Cingular Wireless Services, Inc. ("Defendant") hereby jointly move for an order referring the above captioned action to the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") for approval of the *Stipulation Settling Liquidating Supervisor's Preference Claim Against AT&T Wireless Services* (the "Stipulation") entered into

by and between Plaintiff and Defendant on July 1, 2005. A copy of the Stipulation is attached hereto as Exhibit A.

In further support of this motion, the parties respectfully state as follows:

1. On or about February 17, 2005, Plaintiff filed a *Complaint* against Defendant in the Bankruptcy Court, in which Plaintiff asserted a claim against Defendant pursuant to 11 U.S.C. § 547(b).

2. On or about April 5, 2005, Defendant filed an *Answer, Affirmative Defenses and Demand for Jury Trial* and served the same upon Plaintiff.

3. On or about June 14, 2005, Defendant filed in the Bankruptcy Court *Defendant's Motion to Withdraw Reference* (the "Motion to Withdraw"), pursuant to which Defendant sought to withdraw the reference of this action from the Bankruptcy Court to this Court in accordance with 28 U.S.C. § 157(d).

4. Subsequent to the filing of the Motion to Withdraw, but before the Bankruptcy Court acted on it, the parties engaged in settlement discussions and reached a resolution of the claim that Plaintiff had asserted against Defendant.

5. On July 1, 2005, before the Stipulation was fully executed, the Bankruptcy Court transferred this action to this Court in accordance with the Motion to Withdraw, and on July 8, 2005, this Court acknowledged receipt of this action and assigned it Case No. 05-CV-11450-MLW.

6. The parties jointly request that this Court refer this matter back to the Bankruptcy Court so that the Stipulation may be presented to it pursuant to the February 18, 2005 order entered in the Debtors' bankruptcy case allowing the *Motion For Order Under 11 U.S.C. Section 105, Fed. R. Bankr. P. 2002, 9007, 9019 and MLBR 2002-1 and 9019-1 Establishing Certain*

*Notice and Settlement Procedures and Pretrial Deadlines with Respect to Avoidance Actions* (the "Settlement Procedures"). A copy of that order is attached hereto as Exhibit B.

7. The parties submit that transferring this matter back to the Bankruptcy Court so that the Stipulation may be approved in accordance with the Settlement Procedures established by the Bankruptcy Court will result in a reduction in costs and fees to the Debtors' estates and relieve this Court from taking any further action with respect to these proceedings.

| | |
|---|---|
| CRAIG R. JALBERT, LIQUIDATING CEO, AS REPRESENTATIVE OF THE ESTATE OF THE CONSOLIDATED DEBTORS | AT&T WIRELESS SERVICES |
| By his attorneys, | By its attorneys, |
| /s/ Joseph M. Downes III (signed by Steven C. Reingold with permission) | /s/ Steven C. Reingold |
| John F. Ventola (BBO No. 567972)<br>Joseph M. Downes III (BBO No. 655853)<br>CHOATE, HALL & STEWART LLP<br>Exchange Place, 53 State Street<br>Boston, Massachusetts 02109<br>telephone: (617) 248-5000<br>facsimile: (617) 248-4000<br>email: jdownes@choate.com | Bruce F. Smith (BBO No. 467900)<br>Steven C. Reingold (BBO No. 638649)<br>JAGER SMITH P.C.<br>One Financial Center<br>Boston, Massachusetts 02111<br>telephone: (617) 951-0500<br>facsimile: (617) 951-2414<br>email: sreingold@jagersmith.com |
| | and |
| | Robert N. Gilbert (Florida Bar No. 310662)<br>CARLTON FIELDS, P.A.<br>222 Lakeview Avenue, Suite 1400<br>West Palm Beach, Florida 33401<br>telephone: (561) 659-7070<br>facsimile: (561) 659-7368<br>email: rgilbert@carltonfields.com |

Dated: July 11, 2005

## **CERTIFICATE OF SERVICE**

I, Steven C. Reingold, hereby certify that on the 11th day of July, 2005, I caused a copy of the within *Joint Motion to Refer Action to Bankruptcy Court for Approval of Settlement in Accordance with Order Establishing Settlement Procedures* to be served upon Joseph M. Downes III, Esq., Choate, Hall & Stewart, LLP, Exchange Place, 53 State Street, Boston, Massachusetts 02109, counsel for plaintiff, via first class mail, postage prepaid.

/s/ Steven C. Reingold
_____
Steven C. Reingold

# EXHIBIT A

Case 1:05-cv-11450-MLW   Document 2   Filed 07/11/2005   Page 5 of 13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| In re:<br><br>CGI LIQUIDATION, INC. *et al.*<br>(f/k/a CARLSON GROUP INC., *et al.*),<br><br>　　　　　　　　　Debtors. | ) ) ) ) ) ) ) ) ) ) ) | Chapter 11<br>Case No. 03-12032-WCH<br>Case No. 03-12030-WCH through<br>Case No. 03-12034-WCH<br><br>(Substantively Consolidated) |
| CRAIG R. JALBERT,<br>LIQUIDATING SUPERVISOR, AS<br>REPRESENTATIVE OF THE ESTATES<br>OF THE CONSOLIDATED DEBTORS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T WIRELESS SERVICES,<br><br>　　　　　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding<br>No. 05-01098 |

**STIPULATION SETTLING LIQUIDATING SUPERVISOR'S
PREFERENCE CLAIM AGAINST AT&T WIRELESS SERVICES**

**THIS STIPULATION**, entered into this 6th day of July, 2005 (the "Stipulation"), is by and between plaintiff Craig R. Jalbert, in his capacity as the duly-appointed Liquidating Supervisor (the "Liquidating Supervisor") of CGI Liquidation, Inc. and the other debtors herein (the "Debtors"), and AT&T Wireless Services, Inc., n/k/a New Cingular Wireless Services, Inc. (the "Defendant").

**WHEREAS**, the Debtors filed petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on March 12, 2003 (the "Petition Date");

3948185v2

WHEREAS, on or within the ninety (90) days before the Petition Date (the "Preference Period"), the Debtors made the following transfers to the Defendant totaling $10,291.06 (the "Transfers"):

| Check No. | Date | Amount |
|---|---|---|
| 21003590 | 1/10/03 | $ 97.07 |
| 11008174 | 12/13/02 | $ 3,188.10 |
| 11008175 | 12/13/02 | $ 95.77 |
| 11008393 | 1/3/03 | $ 94.95 |
| 11008447 | 1/10/03 | $ 1,007.92 |
| 11008639 | 1/17/03 | $ 381.80 |
| 11008693 | 1/17/03 | $ 94.99 |
| 11008694 | 1/17/03 | $ 1,451.16 |
| 11008793 | 2/3/03 | $ 768.14 |
| 11008797 | 2/3/03 | $ 924.49 |
| 11008859 | 2/11/03 | $ 378.04 |
| 11009001 | 2/14/03 | $ 1,808.63 |

WHEREAS, the Liquidating Supervisor made written demand upon the Defendant, seeking to avoid the Transfers as preferential pursuant to 11 U.S.C. § 547;

WHEREAS, on or about February 16, 2005, the Liquidating Supervisor filed a complaint against the Defendant seeking to avoid the Transfers as preferential pursuant to 11 U.S.C. § 547;

WHEREAS, the Defendant has asserted defenses to the preference complaint, including, without limitation, subsequent new value and that the Transfers were made in the ordinary course of business;

WHEREAS, the Liquidating Supervisor and the Defendant have negotiated a settlement of their dispute over the Transfers;

WHEREAS, on February 4, 2005, the Liquidating Supervisor filed a *Motion For Order Under 11 U.S.C. Section 105, Fed. R. Bankr. P. 2002, 9007, 9019 and MLBR 2002-1 and 9019-1*

*Establishing Certain Notice and Settlement Procedures and Pretrial Deadlines with Respect to Avoidance Actions* (the "Procedures Motion"), which the Court approved on February 18, 2005 (the "Procedures Order");[1] and

**WHEREAS,** in accordance with paragraph twenty (20) of the Procedures Motion, absent any objection from the United States Trustee or the Post Effective Date Committee filed within twenty (20) days of the filing of a Notice of Settlement attaching this Stipulation, the expiration of such period is tantamount to a final and non-appealable order of the Court approving this Stipulation (the "Final Order Date").

**NOW, THEREFORE,** the Liquidating Supervisor and the Defendant, subject to the approval of this Court, hereby **STIPULATE AND AGREE** as follows:

1. The foregoing recitals are a material part of this Stipulation and are incorporated by reference herein.

2. The Defendant shall pay the Liquidating Supervisor $3,500.00 (the "Settlement Amount") in one installment by check made payable to Craig R. Jalbert, Liquidating Supervisor, and sent to the Liquidating Supervisor's counsel, Joseph M. Downes III, Choate, Hall & Stewart LLP, Exchange Place, 53 State Street, Boston, MA 02109.

3. The Defendant shall pay the Settlement Amount to the Liquidating Supervisor within ten days of the date any order approving[2] the Stipulation becomes final and non-appealable and the Liquidating Supervisor has provided a signed form W-9 to the Defendant.

---

[1] For purposes of clarity, on March 17, 2005, the Liquidating Supervisor filed a motion requesting a limited amendment to the Procedures Motion, which the Court approved on March 28, 2005. The amendment to the Procedures Motion is not relevant for the purposes of this Stipulation (i.e. it merely amended certain discovery dates addressed in the Procedures Motion)

[2] ANY REFERENCES HEREIN TO THE COURT'S APPROVAL OF THIS STIPULATION OR ITS RESULTING OBLIGATIONS SHALL INCLUDE APPROVAL BY WAY OF THE FINAL ORDER DATE.

4. Upon the Court's approval of this Stipulation and indefeasible receipt by the Liquidating Supervisor of the Settlement Amount in full, the Liquidating Supervisor, for himself and for his employees, members, attorneys, affiliates, predecessors, successors, and assigns (including the Debtors and their substantively consolidated bankruptcy estates) hereby releases the Defendant and its attorneys, successors and assigns of any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accounts, damages, and liabilities which were brought or could be brought or asserted against the Defendant arising out of, related to or in connection with the Debtors' bankruptcy cases and shall take such action as is required to voluntarily dismiss with prejudice the above-captioned adversary proceeding.

5. Upon the Court's approval of this Stipulation, the Defendant for itself, and for its officers, directors, employees, owners, attorneys, affiliates, predecessors, successors and assigns does hereby release and forever discharge the Liquidating Supervisor, his employees, members, attorneys, successors and assigns (including the Debtors' substantively consolidated bankruptcy estates) from any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accounts, damages, and liabilities which were brought or could be brought or asserted against the Debtors and their substantively consolidated estates arising out of, related to or in connection with the Debtors' bankruptcy cases, including but not limited to claims arising under 11 U.S.C. § 502(h).

6. This Stipulation and any obligations hereunder are subject to the approval of the Bankruptcy Court. Nothing contained herein shall be deemed an admission by the Liquidating Supervisor or the Defendant.

7. This Stipulation constitutes the entire agreement between the parties as to the matters that are its subject. All prior or contemporaneous agreements, understandings,

representations and statements, whether oral or written, whether by the Liquidating Supervisor, the Defendant, or each and every of their respective attorneys and other agents, are integrated into this Stipulation.

8. No amendment to or modification of this Stipulation shall be effective unless such amendment or modification is in writing, executed by each of the parties hereto and filed with the Bankruptcy Court.

9. This Stipulation may be executed in counterparts. This Stipulation may be executed by facsimile and any facsimile signature shall be binding and have the same legal effect as the original.

10. Each of the undersigned represents and warrants that he or she is a duly authorized representative of the party for which the signature is provided, and that such person signing is specifically authorized to sign this Stipulation, and that said signature, which is made under legal seal, shall lawfully bind said party, subject only to Bankruptcy Court approval in the case of the Liquidating Supervisor.

| CRAIG R. JALBERT, LIQUIDATING SUPERVISOR | AT&T WIRELESS SERVICES |
|---|---|
| By his attorneys, | By its attorneys, |
| John F. Ventola (BBO# 567972) <br> Joseph M. Downes III (BBO# 655853) <br> G. Mark Edgarton (BBO# 657593) <br> CHOATE, HALL & STEWART LLP <br> Exchange Place <br> 53 State Street <br> Boston, Massachusetts 02109 <br> Phone (617) 248-5000 <br> Fax (617) 248-4000 <br> jdownes@choate.com | Steven C. Reingold, Esq. (BBO# 638649) <br> JAGER SMITH P.C. <br> One Financial Center <br> Boston, Massachusetts 02111 <br> Phone (617) 951-0500 <br> Fax (617) 951-2414 <br> sreingold@jagersmith.com |
| Dated: July 6, 2005 | Dated: July 6, 2005 |

3948185v2                               5

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>CGI LIQUIDATION, INC. et al. (f/k/a CARLSON GROUP INC., et al.),<br><br>　　　　Debtors. | Chapter 11<br>Case Nos. 03-12032-WCH<br>Case Nos. 03-12030-WCH through<br>Case Nos. 03-12034-WCH<br><br>Substantively Consolidated |

**MOTION FOR ORDER UNDER 11 U.S.C. § 105, FED. R. BANKR. P. 2002,
9007, 9019 AND MLBR 2002-1 AND 9019-1 ESTABLISHING CERTAIN NOTICE AND
SETTLEMENT PROCEDURES AND PRETRIAL DEADLINES
WITH RESPECT TO AVOIDANCE ACTIONS**

To the Honorable William C. Hillman, United States Bankruptcy Judge:

　　　Pursuant to 11 U.S.C. § 105, Fed. R. Bankr. P. 2002, 9007, 9019 and MLBR 2002-1 and 9019-1, Craig Jalbert, the Liquidating Supervisor of the above captioned bankruptcy estates, hereby moves this Court to enter an order establishing certain notice and settlement procedures and pretrial deadlines with respect to the preference actions, and possibly fraudulent transfer actions (collectively, the "Avoidance Actions"), that the Liquidating Supervisor soon will file in these cases under 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). The Liquidating Supervisor makes this motion in an effort to streamline the notice and settlement processes for such Avoidance Actions, while simultaneously decreasing related administrative costs. In support of this Motion, the Liquidating Supervisor respectfully states as follows.

**I.　　JURISDICTION**

　　　1.　　This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Determination of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.



02/18/2005 Granted.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| In re:<br><br>CGI LIQUIDATION, INC. et al. (f/k/a CARLSON GROUP INC., *et al.*),<br><br>Debtors. | Chapter 11<br>Case Nos. 03-12032-WCH<br>Case Nos. 03-12030-WCH through<br>Case Nos. 03-12034-WCH<br><br>Substantively Consolidated |

**MOTION TO AMEND THE ORDER GRANTING MOTION FOR ORDER
UNDER 11 U.S.C. § 105, FED. R. BANKR. P. 2002, 9007, 9019 AND MLBR 2002-1 AND
9019-1 ESTABLISHING CERTAIN NOTICE AND SETTLEMENT PROCEDURES AND
PRETRIAL DEADLINES WITH RESPECT TO AVOIDANCE ACTIONS**

Craig Jalbert, the Liquidating Supervisor of the above-captioned bankruptcy estates, hereby moves this Court to amend the order grating his motion establishing certain notice and settlement procedures and pretrial deadlines with respect to avoidance actions (the "Discovery Motion"). Due to a scrivener's error, the various discovery deadlines (which apply to avoidance actions) set forth in the Discovery Motion reference the year 2004, instead of 2005. The Liquidating Supervisor files this motion to correct this error and to clarify the actual dates of the discovery deadlines. The Liquidating Supervisor apologizes for any inconvenience this scrivener's error may have caused the Court. In support of this motion, the Liquidating Supervisor states as follows:

1. On February 4, 2005, the Liquidating Supervisor filed the Discovery Motion with the Court requesting that the Court to enter an order establishing certain notice and settlement procedures and pretrial deadlines with respect to preference actions and fraudulent transfer actions filed in the above-captioned bankruptcy cases (collectively, the "Avoidance Actions"). The proposed discovery deadlines (collectively, the "Discovery Deadlines") are set forth in the

03/28/2005 Granted.

1

3879363v1